

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-85,986-01

**EX PARTE JOHN DAVID WAGUESPACK, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2012-46-C1A IN THE 19TH DISTRICT COURT
FROM MCLENNAN COUNTY

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to imprisonment for life. The Tenth Court of Appeals affirmed his conviction. *Waguespack v. State*, No. 10-13-00416-CR (Tex. App.—Waco June 18, 2015)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to object to the testimony from psychologist, Dr. William Lee Carter, who described the characteristics of a person who commits sexual assault and the characteristics of a

person who becomes a victim of sexual assault. Specifically, Applicant contends that the description Dr. Carter gave of the type of person who would commit a sexual assault focused on a controlling person, and Applicant is exactly this type of person. Therefore, Applicant contends that defense counsel should have objected to this testimony as inadmissable pursuant to Rules of Evidence 404(a)(1) and 403. Applicant also alleges that Rules 404(a)(1) and 403 also prohibited Dr. Carter from testifying that the victim in this case was the type of person who, because of her history, becomes a victim of sexual assault.

The trial court finds the testimony was admissible, but cited to no authority for the proposition.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the complained of testimony from Dr. Carter was inadmissible pursuant to Rules of Evidence 404(a)(1) and 403. The trial court shall also make additional findings of fact and conclusions of law as necessary as to whether the performance of Applicant's trial counsel was deficient and, if so,

whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 15, 2017
Do not publish